LINUS JACOX v. NELSON W. CLARK.

Where defendant received a grant of the right to use certain water power, and dig a race on complainant's land, in consideration of erecting a mill at a certain place where their lands joined, and then built his mill at another place, and diverted the water from complainant's land, *it was held*, that the consideration had failed, and the complainant was entitled to a reconveyance; and defendant was enjoined from setting up his deed in defence of any action for a previous diversion of the water.

THIS was a bill to restrain defendant from diverting water from complainant's land; and for specific performance of an agreement, or a reconveyance of certain privileges.

The complainant, in 1835, holding a certain tract of land as tenant by the courtesy, which was in two places crossed by a creek, on which, at that place, there was a descent and water sufficient for propelling machinery, purchased an adjacent tract, by which he became possessed of all of the stream between the points of intersection with his boundary lines. The stream, before entering his land, passed through a lake, containing about forty acres, and thence through a lot subsequently purchased by defendant, immediately to the north of complainant. On February 10th, 1843, defendant, alleging that he owned the lands on the stream above complainant's lot, proposed to complainant, if he would grant him the premises hereinafter described, to improve the water privilege such grant would give him, connected with his own premises, by erecting thereon a building with machinery for an oil mill, or for manufacturing wool, or both; complainant's permission being necessary to enable him to do so. Complainant, in consideration thereof, and for the nominal consideration of one dollar, thereupon duly conveyed to him the following right, viz. "The right of cutting or digging a ditch, commencing at any point the said Clark shall elect

on the north line of the farm now owned and occupied by said Jacox, situated on sections twenty and twenty-nine, in said town, county, and state, and running to the creek, [the stream before mentioned,] and the right of settling the bed of the creek, [on the lands of Jacox,] down as low as the said Clark may choose, for the purpose of drawing the water from a water wheel, which the said Clark intends to erect, for the purpose of manufacturing linseed oil, and also for the purpose of manufacturing wool into rolls or cloth; provided, that said Clark keeps the said ditch open and clear, so that the water may have a free passage off; and provided that said Clark shall not dig more than one ditch."

After obtaining this deed, Clark gave up the intention of erecting his mill where he had agreed with Jacox to build it, and proceeded to dig a race leading directly from the lake through which the before mentioned stream flowed, to a principal branch of Clinton river, into which branch the stream emptied. He also went on to build a dam where the stream left the lake, in such a manner that the water was diverted from it, and passed through the race into the main branch; in this way cutting off the water power from Jacox's land.

Complainant sought an injunction against the diversion of the water, and prayed defendant might be compelled to build his mill according to agreement, or else be decreed to reconvey to complainant the privilege granted by the deed of February 10th, 1843.

*M. L. Drake and T. J. Drake*, for complainant.

*G. W. Wisner*, for defendant.

The Chancellor. The consideration of the right to use the water, and to dig a race on complainant's land,

was the erection of the mill on that part of defendant's land lying immediately north of complainant's. But defehdant has built the mill on other lands belonging to him ; and takes the water directly from the lake, instead of the creek forming the outlet of the lake, and, after using it, carries it by a race into a branch of the Clinton river, instead of returning it into the bed of the creek on complainant's land. No such right as this is given by the deed. On the contrary, it is inconsistent with, and hostile to the right granted. The two cannot exist and be in operation at the same time, without impairing each other.' Complainant had a right to have the water of the lake flow across his land in its natural course; and, as incident to it, to allow a diversion of the water on such terms and conditions as he thought proper. It is not for this Court, or the defendant, to impose the terms, or to say the present location of the mill is as advantageous to him and his property, as the one indicated in the grant, and had in view by the parties when the deed was executed. I am therefore of the opinion, as the consideration of the grant has wholly failed, complainant is entitled to a reconveyance of all rights granted by the deed of February 10th, 1843, and to his costs. *Quick* v. *Stuyvesant*, 2 *Paige R.* 84. Defendant must also be enjoined from setting up the deed of February 10th as a defence, at law, to any action that may be brought against him for having heretofore diverted the water.

NOTE. The injunction granted on filing the bill had been dissolved, on the coming in of the answer. *See same case, ante* 249.